**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| EMILIO J. URENA, AS ASSIGNEE ) CIVIL ACTION NO.: 2:13-cv-03544 | |
| OF GREGORY S. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- )        AMENDED | |
| )        COMPLAINT | |
| NATIONWIDE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**TO THE DEFENDANT ABOVE NAMED:**

1.    Plaintiff is a citizen and resident of Raleigh, North Carolina.

Defendant Nationwide Insurance Company of America (hereinafter

"Nationwide") is an insurance company organized under the laws of a

state other than South Carolina, and transacts business in South

Carolina.

2.    The acts which give rise to this Complaint occurred in the

District of South Carolina.

3.    Plaintiff is assignee of Gregory S. Bryant (hereinafter

"Bryant") for any and all causes of action Bryant may have against

Nationwide and others.

1

4.    At all times herein mentioned Bryant was insured by Defendant Nationwide with an automobile liability policy with limits of $25,000.00 per person for bodily injury and property damage limits of $25,000 per occurrence.

5.    On January 22, 2012, Bryant was involved in a motor vehicle collision with a vehicle being operated by Plaintiff, who sustained serious and permanent injuries as a result of this collision.

6.    Prior to a lawsuit being filed, Defendant exercised complete control of settlement negotiations with counsel for Emilio J. Urena.

7.    On January 26, 2013, Plaintiff's counsel sent a letter of representation to Nationwide.

8.    On January 31, 2012, Plaintiff's counsel sent a time-demand letter to the bodily injury adjuster for a tender of the bodily injury policy limits within ten days of the date of the letter.

9.    On January 31, 2012, Plaintiff's counsel sent a time-demand letter to the property damage adjuster for a tender of the property damage policy limits within ten days of the date of the letter.

10.    Neither adjuster requested or received an extension of this deadline.

11.     Both adjusters failed to unequivocally tender the policy limits within the prescribed deadline, as both adjusters placed conditions precedent before agreeing to pay the respective policy limits.

12.     On February 15, 2012, Plaintiff's counsel sent a demand by fax that a check for the policy limits of the bodily injury coverage and a check for the policy limits of the property damage coverage be received by the close of business Friday, February 16, 2012; or, in the alternative, wired to Plaintiff's counsel's bank account.

13.     Neither adjuster requested or received an extension of this deadline.

14.     Both adjusters failed to ensure payment was received within the prescribed deadline.

15.     Upon information and belief, prior to a lawsuit being filed Defendant did not inform Bryant that Emilio J. Urena was willing to provide him with a covenant not execute in exchange for payment of the policy limits of $25,000 for the bodily injury coverage and $25,000 for the property damage coverage.

16.     A lawsuit was filed in the United States District Court under the caption Case Number *Emilio J. Urena v Gregory S. Bryant,* Case

Number 2:12-cv-00469-DCN.

17.    This lawsuit resulted in a jury verdict on December 12,

2013, awarding actual damages in favor of Plaintiff in the amount of

$1,150,000.00.

18.    On December 17, 2013, a judgment in favor of Plaintiff in the

amount of $1,150,000.00 was filed against Bryant.

## FOR A FIRST CAUSE OF ACTION

19.    Paragraphs 1 through 18 are incorporated herein by

reference.

20.    Defendant was negligent and/or reckless in one or more of

the following ways:

    a.    Failing to unequivocally offer to pay the policy limits for the bodily injury coverage and the property damage coverage within the prescribed deadline;

    b.    Insisting on unnecessary documentation be provided prior to unequivocally offering to pay the policy limits for the bodily injury coverage and the property damage coverage within the prescribed deadline;

    c.    Failing to ensure Plaintiff's counsel received monies representing the policy limits for the bodily injury coverage and the property damage coverage within the prescribed deadline;

    d.    Insisting on unnecessary documentation be provided before ensuring Plaintiff's counsel received monies representing the policy limits for the bodily injury coverage and the property damage coverage within

the prescribed deadline;

    e.     Such other acts and omissions as may be learned through discovery.

## FOR A SECOND CAUSE OF ACTION
### (BAD-FAITH)

21.    Paragraphs 1 through 20 are incorporated herein by reference.

21.    Defendant acted in bad faith in one or more of the following particulars:

    a.     Having no just cause for refusing to unequivocally offering to pay the policy limits for the bodily injury coverage and the property damage coverage within the prescribed deadline;

    b.     Having no just cause for failing to ensure Plaintiff's counsel received monies representing the policy limits for the bodily injury coverage and the property damage coverage within the prescribed deadline;

    c.     Such other acts and omissions as may be learned through discovery.

**WHEREFORE**, Plaintiff demands judgment against Defendant in such an amount of actual and punitive damages as the trier of fact shall determine, for the costs of this action, and for such further relief

5

as the Court deems proper.

                                        S/Johnny F. Driggers
                                        JOHNNY F. DRIGGERS, ESQUIRE
                                        108 Central Avenue, Suite 7
                                        P. O. Box 757
                                        Goose Creek, SC 29445
                                        FEDERAL BAR #606
                                        ATTORNEY FOR THE PLAINTIFF

Goose Creek, South Carolina

January 30, 2014.